<div style="text-align:center; color:red;">CORRECTED</div>

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-2063V

|  |  |
|---|---|
| KEYSHA ELLIS,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 2, 2025 |

*John Robert Howie, Howie Law, PC, Dallas, TX, for Petitioner.*

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On December 30, 2020, Keysha Ellis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury following an influenza vaccine she received on December 13, 2019. Petition at 1. On January 12, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 39.

Petitioner has now filed a supplemental motion for attorney's fees and costs, for previous counsel Kirk Claunch, of The Claunch Law Firm. Supplemental Application for

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Fees and Costs. Filed January 30, 3035, ECF No. 49. Petitioner is requesting an award of $9,751.77 (representing 8,758.30 in fees plus $993.57 in costs). Respondent did not file a response to Petitioner's supplemental application for attorney fees and costs.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.[3] Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 49-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $9,751.77 (representing $8,758.20 in attorney's fees and $993.57 in attorney's costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to attorney Kirk Claunch.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<div style="text-align:right">
s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master
</div>

---

[3] This is the first case to award rates for Mr. Claunch. Mr. Claunch currently has three cases pending fee decision in the Court. The requested rates are all on the lowest end of the corresponding rates and shall be awarded in full.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.